# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 08, 2024


Mr. Adam Jonathan Russ
Gordon Arata Montgomery Barnett
1001 Fannin Street
Suite 3850
Houston, TX 77002


    No. 24-20347   Lexon Insurance v. Chevron U.S.A.
                 USDC No. 4:21-CV-990


Dear Mr. Russ,

We have docketed the appeal and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure.  We cannot accept motions submitted under the Federal Rules of **Civil** Procedure.  We can address only those documents the court directs you to file, or proper motions filed in support of the appeal.  See Fed. R. App. P. and 5th Cir. R. 27 for guidance.  Documents not authorized by these rules will not be acknowledged or acted upon.

You must complete a transcript order form, which can be obtained from the court's website www.ca5.uscourts.gov.  If you are required to electronically file, you must, file the form via the 5th Circuit's Electronic Document Filing System even if the form was filed with the district court, and make financial arrangements with the court reporter.  See also 5th Cir. R. 30.1.2 and 5th Cir. R. 31.1 to determine if you have to file electronically.  When completed, this meets your obligation to order the necessary portions of the court reporter's transcript, see Fed. R. App. P. 10(b).  (If you are pro se and unable to afford payment, you must file a motion with the district court requesting transcript at government expense, and notify this court.)  We will coordinate the transcript deadlines with the court reporter.  The court reporter should contact you directly if an extension of time to file the transcript is granted. Failure to complete the transcript order form and make financial arrangements with the court reporter within 15 days will result in dismissal of the appeal in accordance with the rules.

We will provide you information about the briefing schedule of this appeal at a later date.  If a transcript is unnecessary,

please complete the section on the transcript order form to indicate such and we will start the briefing schedule. 5th Cir. R. 31.4 and the Internal Operating Procedures following rules 27 and 31 state that except in the most extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would

ordinarily be filed under seal in CM/ECF.  This includes documents
likely to be of interest to the intelligence service of a foreign
government and whose use or disclosure by a hostile foreign
government would likely cause significant harm to the United States
or its interests.  Before uploading any matter as a sealed filing,
ensure it has not been designated as HSD by a district court and
does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the
first instance or to change its designation as HSD must do so by
motion. Parties are required to contact the Clerk's office for
guidance before filing such motions.

**Sealing Documents on Appeal:**  Our court has a strong presumption
of public access to our court's records, and the court scrutinizes
any request by a party to seal pleadings, record excerpts, or other
documents on our court docket.  Counsel moving to seal matters
must explain in particularity the necessity for sealing in our
court.  Counsel do not satisfy this burden by simply stating that
the originating court sealed the matter, as the circumstances that
justified sealing in the originating court may have changed or may
not apply in an appellate proceeding.  It is the obligation of
counsel to justify a request to file under seal, just as it is
their obligation to notify the court whenever sealing is no longer
necessary.  An unopposed motion to seal does not obviate a
counsel's obligation to justify the motion to seal.


                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By: _____
                         Angelique B. Tardie, Deputy Clerk
                         504-310-7715

cc:
    Mr. Craig A. Duewall
    Mr. Nathan Ochsner
    Mr. George Robert Parrott II
    Mr. Michael David Rubenstein

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 24-20347

---

Lexon Insurance Company, Incorporated,

　　　　　Plaintiff - Appellant

v.

Chevron U.S.A. Incorporated; Sojitz Energy Venture, Incorporated; BP America Production Company,

　　　　　Defendants - Appellees